1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                       SOUTHERN DISTRICT OF CALIFORNIA

9    NANCY ELAINE JENKINS,              )       Case No. 06cv1217 J (RBB)
                                        )
10                  Plaintiff,          )
                                        )
11          v.                          )       **ORDER GRANTING DEFENDANT'S**
                                        )       **MOTION TO DISMISS**
12   JO ANNE B. BARNHART,               )
     Commissioner of Social Security    )
13   Administration,                    )
                                        )
14                  Defendant.          )
     _____)

15

16          Before the Court is a Motion to Dismiss Plaintiff's Complaint pursuant to Federal

17   Rule of Civil Procedure 12(b)(1) of Defendant, Linda S. McMahon, the acting Commissioner

18   of Social Security.  [Doc. No. 11.]  Plaintiff seeks judicial review under 42 U.S.C. § 405(g)

19   for the denial of her Disability Insurance Benefits ("DIB") and Supplemental Security

20   Income ("SSI") payments under Titles II and XVI of the Social Security Act.  [Doc. No. 1.]

21   Pursuant to Civil Local Rule 7.1(d)(1), the Court decides the matter on the papers submitted

22   and without oral argument.  *See* S.D. Cal. Civ. R. 7.1(d)(1).  For the reasons set forth below,

23   the Court **GRANTS** Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

24

25                                  *Background*

26          On June 12, 2004, Plaintiff filed an application for Disability Insurance Benefits and for

27   Supplemental Security Income payments under Titles II and XVI of the Social Security Act.

28   (Decl. ¶ 3(a).)  Plaintiff's application was denied.  (*See id.*)  On February 11, 2005, Plaintiff filed

     a request for a hearing before an administrative law judge ("ALJ").  (*See id.*)   The ALJ went

through a five-step evaluation for determining disability.  (Ex. 1 at 2.)  The ALJ found that Plaintiff had not worked since June 17, 1993.  (*See id.* at 2.)  Additionally, the ALJ determined that Plaintiff retained the "residual functional capacity to do light level work with occasional climbing, stooping, kneeling, and crouching." (*Id.* at 5.)  The ALJ also found that Plaintiff could perform requirements of her past work as an order clerk, and that she was not under a "disability" as defined in the Social Security Act.  (*Id.* at 8-9.)  On December 2, 2005, Plaintiff filed a request for review by the Commissioner's Appeals Council which is still pending.  (Decl. ¶ 3(c).)  On April 6, 2006, Plaintiff received a notice of disapproved claim denying a new application for Supplemental Security Income Benefits, and explaining Plaintiff's rights to request reconsideration.  (Decl. ¶ 3(d).)  This new application was separate from the application that was filed on June 12, 2004.  (*Id.*)

## *Legal Standard*

Federal Rule of Civil Procedure 12(b)(1) allows a party to raise a defense by motion that the court lacks subject matter jurisdiction over the claim.  "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a speaking motion attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. & Electronics*, 594 F.2d 730, 733 (9th Cir. 1979).  The Plaintiff bears the burden in a 12(b)(1) motion to prove that jurisdiction exists.  *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).  "In reviewing a motion [pursuant to this rule], the court may consider affidavits or any other evidence properly before the court." *Sommatino v. United States*, 255 F.3d 704, 710 (9th Cir. 2001).

## *Discussion*

A claimant may bring a case for judicial review, irrespective of the amount in controversy, after a final decision of the Commissioner of Social Security is made.  *See* 42 § U.S.C. 405(g) (2006).   The phrase "final decision" is not defined in § 405(g), and its "meaning is left to the [Commissioner of Social Security] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).  However, a final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of

1   administrative remedies.  *See Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993).

2          A claimant may obtain a review of a final decision by a civil action in federal district

3   court commenced within sixty days after the mailing of notice of such decision or within

4   such further time as the Commissioner of Social Security may allow.  *See* 42 U.S.C. § 405(g)

5   (2006).  Before a party can bring its case for judicial review, an initial determination,

6   reconsideration, hearing before an ALJ, and an Appeals Council review is required.  *See* 20

7   C.F.R. § 404.900(a)(1-4) (2007).

8          The Appeals Council can "grant the request and either issue a decision or remand the

9   case to an [ALJ]."  20 C.F.R. § 404.967 (2007).  The Appeals Council can deny the request

10  for review and allow the ALJ's decision to stand as the "final decision" of the Commissioner.

11  *See* 20 C.F.R. § 404.981 (2007).  If the Appeals Council denies the request for review, then

12  the ALJ's decision is binding unless the claimant or another party files an action in federal

13  district court within sixty days after the date the claimant receives notice of the Appeals

14  Council's action.  *See* 20 C.F.R. § 404.98 (2007).

15         Exhaustion of administrative remedies is required before a claimant can seek judicial

16  review in order for an agency to function efficiently, correct its own errors, afford the parties

17  and the courts the benefit of its experience and expertise, and compile a record which is

18  adequate for judicial review.  *Weinberger*, 422 U.S. 749, 765 (1975) (citing *Parisi v.*

19  *Davidson*, 405 U.S. 34 (1972)).

20  **A.     *Presentment of a Claim to the Commissioner***

21         Presentment of a claim to the Commissioner is purely jurisdictional and cannot be

22  waived.  *See Matthews v. Eldridge*, 424 U.S. 319, 328 (1976).  Courts have interpreted the

23  presentment requirement liberally.  *See Lopez v. Heckler*, 725 F.2d 1489, 1503 (9th Cir.

24  1984), *vacated on other grounds by Heckler v. Lopez*, 469 U.S. 1082 (1984).  Presentment of

25  a claim to the Commissioner is the first element of a final decision.  *See Johnson*, 2 F.3d 918

26  at 921.  In *Lopez*, the Court determined that presentment can be fulfilled by "some decision

27  by the Secretary."  *Lopez*, 725 F.2d at 1503 (quoting *Matthews*, 424 U.S. at 328 ).

28  Additionally, "some courts have found that mere termination of benefits fulfills the

1   presentation requirement." *Lopez*, 725 F.2d at 1503 (quoting *Kuehner v. Schweiker*, 717

2   F.2d 813, 817 (3d Cir. 1983)).  In *Matthews*, the court "concluded that the complaint was

3   sufficient since it alleged that they had 'fully presented their claims for benefits to their

4   district Social Security Office and, upon denial, to the Regional Office for reconsideration.' "

5   424 U.S. at 328 (quoting *Weinberger*, 422 U.S. 749 at 764).

6       Here, Plaintiff filed an application for a Period of Disability, Disability Insurance

7   Benefits, and Supplemental Security Income Benefits on July 12, 2004.  (Decl. ¶ 3(a).) The

8   application was denied, and Plaintiff filed a request for a hearing by an ALJ.  On October 27,

9   2005, the ALJ issued an unfavorable decision.  (*Id.* at ¶ 3(b).)  On December 2, 2005,

10  Plaintiff filed a request for review by the Appeals Council.  (*Id.* at ¶ 3(c).)  However, the

11  request for review is still pending before the Appeals Council.  (*Id.*)  Plaintiff filed another

12  application for Supplemental Security Income Benefits, and received a notice of disapproved

13  claim on April 6, 2006.  (*Id.* at ¶ 3(d).)

14      Accordingly, Plaintiff has fulfilled the presentment requirement because Plaintiff has

15  sufficiently presented claims for benefits to the district Social Security office, and

16  subsequently filed for reconsideration.

17  **B.    *Exhaustion of Administrative Remedies***

18      Plaintiff has not exhausted all administrative remedies under 42 U.S.C. § 405(g)

19  (2006).  The exhaustion requirement is waivable and is not jurisdictional.  *See Matthews*, 424

20  U.S. at 328.  "The waivable element is the requirement that the administrative remedies

21  prescribed by the Secretary be exhausted." *Id.*

22      As described above, a claimant must exhaust a four-step process before she can obtain

23  judicial review in federal court. *See* 20 C.F.R. § 404.900 (2007).  The four-step process

24  involves an initial determination, reconsideration, hearing before an administrative law judge,

25  and appeals council review.  *See id.*  Here, Plaintiff has not exhausted all administrative

26  remedies, because the disability claim is still pending before the Appeals Council, and

27  Plaintiff has not received a final decision of review by the Social Security Commissioner.

28  (Decl. ¶ 3(c).)

1    However, the Ninth Circuit has adopted a three-part test for determining whether a

2  particular case merits waiver of the exhaustion requirement. *Johnson*, 2 F.3d at 921. "The

3  claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable

4  in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one

5  whose resolution would not serve the purposes of exhaustion (futility)." *Id.* (citing *Briggs*,

6  886 F.2d at 1139). Here, Plaintiff is not entitled to a waiver of the exhaustion requirements.

7    A claim is collateral to a substantive claim of entitlement when "it is not essentially a

8  claim for benefits." *Johnson*, 2 F.3d at 921 (citing *Bowen v. City of New York*, 476 U.S. 467

9  (1985)). Plaintiff's claim is not collateral because Plaintiff is seeking benefits in district court.

10  Additionally, a claim is collateral if it is not bound up with the merits so closely that a

11  decision of the court would interfere with agency process. *See Weinberger*, 422 U.S. at 765.

12  In this case, Plaintiff has not exhausted all administrative remedies, therefore a decision from

13  the district court would directly interfere with the agency process.

14    Plaintiff's claim does not show irreparable harm. "A colorable claim of irreparable

15  harm is one that is not "wholly insubstantial, immaterial, or frivolous." *Johnson*, 2 F.3d at

16  922 (quoting *Briggs*, 886 F.2d at 1140). In *Briggs*, the Ninth Circuit held that economic

17  hardship does constitute irreparable harm. *Briggs*, 886 F.2d at 1140. Here, however, Plaintiff

18  does not describe anything in her Complaint that would give her a colorable claim of

19  irreparable harm.

20    Lastly, resolution of Plaintiff's claim through the administrative process would not be

21  futile. An agency has a duty to compile a detailed factual record, which conserves judicial

22  resources, and allows the agency to have an opportunity to correct its errors. *Bowen*, 476 U.S.

23  467 at 485. "However, when the agency applies a 'systemwide policy' that is 'inconsistent in

24  critically important ways with established regulations,' nothing is gained 'from permitting the

25  compilation of a detailed factual record, or from agency expertise.' " *Johnson,* 2 F.3d 918 at

26  922 (quoting *Bowen*, 476 U.S. at 485).

27    Here, administrative exhaustion is not futile because Plaintiff is not challenging a

28  systemwide policy and has not asserted that the Social Security Commission has treated her

1 | case in a manner inconsistent with an established regulation.  Accordingly, while Plaintiff has
2 | fulfilled the presentment requirement, Plaintiff has not exhausted administrative remedies, and
3 | Plaintiff has not met the criteria for waiving the exhaustion requirements.
4 |
5 | *Conclusion*
6 | For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Dismiss.
7 |
8 | **IT IS SO ORDERED.**
9 |
10 | DATED: August 3, 2007
11 | _____
12 | HON. NAPOLEON A. JONES, JR.
     United States District Judge
13 | cc:      All Parties

6